# United States Court of Appeals
## For the First Circuit

No. 23-1083

UNITED STATES,

Appellee,

v.

CARLOS MANUEL VELAZQUEZ-FONTANEZ,

Defendant - Appellant.

Before

Barron, Chief Judge,
Lynch and Howard, Circuit Judges.

**JUDGMENT**

Entered: August 14, 2023

    Defendant-Appellant Carlos Manuel Velazquez-Fontanez appeals from the district court's denial of his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government has moved for summary disposition. We assume, without deciding, that all of the district court's rulings bearing on the request for compassionate release properly are before the court. See generally Fed. R. App. P. 3 & 4(b). Consistent with appellant's written request, we have treated certain filings in the district court as appellant's opening brief and have considered the arguments set out in those filings carefully. In light of the analysis set out herein, we need not address the claim of waiver included by the government in its motion for summary disposition. We also need not consider the matter of exhaustion of administrative remedies.

    After careful review of the record and the parties' filings in this court, we conclude that the district court did not abuse its discretion in denying relief. See United States v. Saccoccia, 10 F.4th 1, 4-5, 8 (1st Cir. 2021) (standard of review and general principles). Among the reasons for denial cited by the district court was the conclusion that the balance of relevant 18 U.S.C. § 3553(a) factors did not favor the grant of relief. We discern no abuse of discretion as to that conclusion, which serves as an independent and adequate basis for the denial of compassionate release relief. See id. at 8 ("[T]he section 3553(a) factors may serve as an independent basis for a district court's decision to deny a compassionate-release motion."); see also 18 U.S.C. § 3582(c)(1)(A) (directing consideration of "factors set forth in section 3553(a) to the extent that they are applicable"); United

States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022) ("Thus, a district court's decision to deny compassionate release may be affirmed solely on the basis of its supportable determination that the section 3553(a) factors weigh against the granting of such relief."); United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (per curiam) (explaining that this court may affirm the denial of § 3582(c) relief "on any basis available in the record") (internal quotations omitted).

The government's motion for summary disposition is **GRANTED**, and the district court's compassionate release rulings are **AFFIRMED**.[1]

By the Court:

Maria R. Hamilton, Clerk

cc:
Alberto R. López Rocafort
Mariana E. Bauzá-Almonte
José A. Ruiz-Santiago
Myriam Yvette Fernández–González
Ricardo Imbert-Fernández
Carlos Manuel Velazquez-Fontanez
Jenifer Yois Hernandez-Vega
Victor O. Acevedo-Hernandez
Maritza Gonzalez-Rivera
Teresa S. Zapata-Valladares
Edwin Giovannie Mercado

---

[1] The record does not suggest that application of the policy statement at U.S.S.G. § 1B1.13 was outcome determinative in this case. See Saccoccia, 10 F.4th at 8; see also United States v. Ruvalcaba, 26 F.4th 14 (1st Cir. 2022) (holding that current version of the policy statement at U.S.S.G. § 1B1.13 does not apply to 18 U.S.C. § 3582(c)(1)(A)(i) motions for compassionate release filed by inmates).